# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>COPELAND MANUFACTURING  )<br>CORPORATION and DONALD R.  )<br>COPELAND,  )<br><br>Defendants.  ) | No. 00-CR-60-H<br><br>F I L E D<br><br>FEB 1 4 2001<br><br>Phil Lombardi, Clerk<br>U.S. DISTRICT COURT |

## PLEA AGREEMENT

The United States of America and the defendants, COPELAND MANUFACTURING

CORPORATION and DONALD R. COPELAND, in person and through counsel, Clark O. Brewster,

respectfully inform the Court that they have reached the following plea agreement:

**(A)** **DEFENDANTS' OBLIGATIONS**

   **(1)** **Plea**

The defendant Copeland Manufacturing Corporation ("CMC") agrees to enter voluntary pleas

of guilty to the following:

Count Three: 18 U.S.C. § 1001

Count Six: 18 U.S.C. § 1001

as set forth in the Indictment in cause number Case No. 00-CR-60-H, Northern District of Oklahoma,

and admits to being in fact guilty as charged in the counts to which the defendant CMC is pleading

guilty.

*REV Jan 01*

C M C
Defendants' Initials

141

**(2)**     **Waiver of Constitutional Rights**

(a)     Defendant CMC understands that by pleading guilty, the following constitutional rights will be relinquished: the right to be indicted if proceeding by Information, the right to plead not guilty, the right to be tried by a jury, or if the defendant wishes and with the consent of the government, to be tried by a judge.  At that trial, the defendant would have the right to an attorney and if the defendant could not afford an attorney, the Court would appoint one to represent the defendant. The defendant would have the right to assist in the selection of the jury.  During the trial, the defendant would be presumed innocent and a jury would be instructed that the burden of proof is on the government to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict.  The defendant would have the right to confront and cross-examine witnesses against the defendant.  If desired, the defendant could testify on defendant's own behalf and present witnesses in defendant's defense. On the other hand, if the defendant did not wish to testify, that fact could not be used against defendant and a jury would be so instructed.  If the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges. By pleading guilty, the defendant will be giving up all of these rights.  By pleading guilty, the defendant understands that questions posed to defendant by the Court both about the rights that the defendant will be giving up and the factual basis for the defendant's plea, may have to be answered. Any statements made by the defendant during such a hearing are not, in any civil or criminal proceeding, admissible against defendant except as provided in Federal Rules of Criminal Procedure 11(e)(6).

*REV Jan 01*

2

C M C
_____
Defendants' Initials

    (b)    **Appellate Waiver:**

**THE DEFENDANT CMC AGREES TO WAIVE ALL APPEL-LATE RIGHTS, INCLUDING ANY AND ALL COLLATERAL ATTACKS INCLUDING BUT NOT LIMITED TO THOSE PURSUED BY MEANS OF A WRIT OF HABEAS CORPUS, SAVE AND EXCEPT CLAIMS OF INEFFECTIVE ASSIS-TANCE OF COUNSEL AND ISSUES RELATING TO SEN-TENCING.**

    (3)    **Restitution**

The Court can order the defendant CMC to pay restitution for the full loss caused by defendant's conduct set forth above. The defendant CMC agrees the Court's consideration of the amount of restitution shall **NOT** be limited to the amounts alleged in the counts to which the defendant is pleading guilty. The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

If the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the defendant's ability to pay.

    (4)    **Special Assessment**

Defendant CMC hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk, before the time of the sentencing hearing or as directed by the District Court.

    (5)    **Factual Basis and Elements**

The elements that the United States must prove beyond a reasonable doubt in order to convict under Title 18, United States Code, Section 1001, are as follows:

CMC
_____
Defendants' Initials

One:        Defendant Copeland Manufacturing Corporation knowingly made or used a

            false writing or document containing a false, fictitious, or fraudulent statement

            as detailed in counts three and six of the indictment;

Two:        in so doing, defendant Copeland Manufacturing Corporation acted willfully;

Three:      the writing or document made or used by defendant Copeland Manufacturing

            Corporation was material to the government agency named in the respective

            count of the indictment; and

Four:       the matter was within the jurisdiction of the United States.

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(f), the

defendant CMC agrees and stipulates that there is a factual basis for the plea of guilty and relieves

the United States of any further obligation to adduce such evidence.

Copeland Manufacturing Corporation admits knowingly, willfully, and intentionally

committing or causing to be committed, the acts constituting the crimes alleged in Counts Three and

Six  in Case No. 00-CR-60-H, and confesses to the Court that defendant  is in fact guilty of such

crimes.

**(6)     Defendant Copeland Manufacturing Corporation's Motion for Mistrial**

Defendant Copeland Manufacturing Corporation agrees to move for a mistrial on the

remaining counts.

4

CMC
_____
Defendants' Initials

**(B)**     **THE GOVERNMENT'S OBLIGATIONS**

Only if the defendant CMC fully satisfies all obligations outlined in this pleading, the government agrees:

**(1)**     **Further Prosecution**

It shall not initiate additional criminal charges against defendant CMC or defendant Donald R. Copeland in the Northern District of Oklahoma that, as of the date of the defendant CMC's acceptance of this agreement, are known to the government and arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment, save and except criminal acts involving violations investigated by the United States Internal Revenue Service.  The defendant understands, however, that this obligation is subject to all "Limitations" set forth below and that this Office is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the government during its investigation or occurring after the date of this agreement.

The United States agrees that upon the Court's acceptance of defendant Copeland Manufacturing Corporation's guilty plea pursuant to this agreement, the government will move to dismiss the Indictment as to defendant Donald R. Copeland.

**(2)**     **Dismissal of Remaining Counts**

If the Court finds the defendant Copeland Manufacturing Corporation's pleas of guilty to be freely and voluntarily made and accepts the pleas, the United States will move, at the appropriate time, to dismiss the remaining counts in Case No. 00-CR-60-H, if any, as to defendant CMC.

c ⌒c

Defendants' Initials

**(C)**   **SENTENCE**

**(1)**   **Statutory**

Defendant CMC acknowledges that the maximum statutory sentence under 18 U.S.C. § 1001 is set forth in 18 U.S.C. § 3551(c), which includes a term of probation and/or a fine not to exceed $500,000, or twice the pecuniary gain or loss caused by defendant CMC's acts.

**(2)**   **Guidelines**

Defendant CMC is aware that the sentence to be imposed shall be in conformity with the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §3551 through §3742, and 28 U.S.C. §991 through §998.  The defendant is further aware that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum.  The defendant further understands that all recommendations or requests by the United States pursuant to this agreement are not binding upon the Court (Sentencing Guidelines §6B1.4(d)).   The Court will impose a sentence within the appropriate guideline range, unless the Court finds there is a basis for departure because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

If the sentencing court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this agreement.

*REV Jan 01*

6

Nothing in the plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence and the defendant's criminal history category, that are available to the United States at the time of sentencing. The United States reserves its full right of allocution pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure.

THE DEFENDANT CMC FURTHER UNDERSTANDS THAT THE SENTENCE TO BE IMPOSED UPON THE DEFENDANT WILL BE DETERMINED SOLELY BY THE SENTENC-ING JUDGE. THE UNITED STATES CANNOT AND DOES NOT MAKE ANY PROMISE OR REPRESENTATION AS TO WHAT SENTENCE THE DEFENDANT WILL RECEIVE.

**(3)      Stipulations**

Provided the defendant CMC clearly demonstrates acceptance of responsibility, the United States agrees to recommend a one-level reduction in offense level pursuant to U.S.S.G. §8C2.5(g)(3). The sentencing judge is in a unique position to evaluate the acceptance of responsibility and his determination will provide the final approval or disapproval of any Section 8C2.5(g)(3) point level reduction for timely acceptance of responsibility.

Pursuant to Sentencing Guidelines §6B1.4(d), it is understood that neither the Court nor the United States Probation Office is bound by the foregoing stipulations, either as to questions of fact or as to determination of the correct sentencing guidelines to apply to the facts.

Having been fully apprised by defense counsel of defendant Copeland Manufacturing Corporation's and defendant Donald R. Copeland's right to seek compensation pursuant to Public Law 105-119, the defendants Copeland Manufacturing Corporation and Donald R. Copeland

CMC
_____
Defendants' Initials

**WAIVE** any and all such right, and stipulate that defendants are not "prevailing parties" in connection with this case.

**(D)   LIMITATIONS**

This Plea Agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice, and the trustee in bankruptcy.

**(E)   BREACH OF AGREEMENT**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein.  Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence.  The defendant hereby **WAIVES** all Rule 32(e), Fed. R. Crim. P. right to withdraw from defendant's plea and this agreement, save and except for the limited reasons outlined above in this paragraph.

In the event that Copeland Manufacturing Corporation, after entry of a plea of guilty, unsuccessfully attempts to withdraw defendant's plea of guilty, the United States may continue to

*REV Jan 01*

cMC
_____
Defendants' Initials

enforce the agreement but will no longer be bound by any provision in this agreement regarding acceptance of responsibility, or a substantial assistance Section 5K1.1 motion, if such provisions are included herein.  This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

**(F)**    **CONCLUSION**

No agreements, representations, or understandings have been made between the parties in this case, other than those which are explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all of the parties.

*REV Jan 01*

9

Defendants' Initials

SO AGREED:

THOMAS SCOTT WOODWARD
UNITED STATES ATTORNEY

R. RICHARD LOVE, III
JOHN D. RUSSELL
DOUG A. HORN
Assistant United States Attorneys

DATED 2/14/01

CLARK O. BREWSTER
ROBERT R. NIGH
Attorneys for Defendant CMC

DATED 2-14-01

Defendant CMC, CEO

DATED 2-14-01

CLARK O. BREWSTER
ROBERT R. NIGH
Attorneys for Defendant Donald R. Copeland

DATED 2-14-01

Defendant Donald R. Copeland

DATED 2-14-01

Defendants' Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Defendant CMC , ceo                                    DATED  2-14-01

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Defendant Donald R. Copeland                           DATED  2-14-01

N:\udd\jrussell\Copeland\corporation.plea

CMC
Defendants' Initials

### RESOLUTION OF BOARD OF DIRECTORS OF
### COPELAND MANUFACTURING CORPORATION

WHEREAS Copeland Manufacturing Corporation was indicted in the Northern District of Oklahoma, Case No. 00CR-60-H on 6 Counts for violation of 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1031: Major Fraud Against the Government; 18 U.S.C. § 1001: False Writing or Document; and 18 U.S.C. § 2: Aiding, Abetting and Causing an Unlawful Act.

WHEREAS it is in the best interest of the corporation to plead guilty to Counts 3 and 6 of the Indictment alleging False Writing or Document.

WHEREAS Copeland Manufacturing Corporation hereby authorizes attorney Robert R. Nigh, Jr. to enter a plea of guilty on behalf of the corporation to Counts 3 and 6 of the Indictment in Case No. 00CR-60-H in the Northern District of Oklahoma.

BE IT RESOLVED on this 14th day of February, 2001, the Board of Directors unanimously resolve that it is in the best interests of the corporation and Copeland Manufacturing Corporation shall plead guilty to Counts 3 and 6 of the Indictment by and through attorney Robert R. Nigh, Jr.

BE IT RESOLVED on this 14th day of February, 2001, the Board of Directors of Copeland Manufacturing Corporation unanimously resolve that Robert R. Nigh, Jr. is authorized to enter a plea of guilty on behalf of the corporation to Counts 3 and 6 of the Indictment in Case No. 00CR-60-H in the Northern District of Oklahoma.

Signed this 14th day of February, 2001.


_____
Steve Copeland, Director


_____
Donald Copeland, Director

## UNANIMOUS CONSENT TO ACTION

Whereas the undersigned representing 100% of the outstanding shares of Copeland Manufacturing Corporation stock have been fully advised of the Indictment pending in Case No. 00-CR-60-H in the Northern District of Oklahoma, and the proposed resolution of those pending charges, unanimously consent to that resolution.

Specifically, the undersigned shareholders unanimously consent to the disposition in the manner contemplated through the plea agreement entered on the 14th day of February, 2001. We unanimously consent to the resolution of the board of directors of Copeland Manufacturing Corporation authorizing attorney Robert Nigh, Jr. to enter pleas of guilty to Counts 3 and 6 of the referenced indictment, on behalf of the corporation.

Signed this 14th day of February, 2001.

Stockholders

_____
Steven R. Copeland

_____
Donald R. Copeland
Trustee of the D.R. Copeland and Gladys Copeland
Intervivos Trust